# IN THE MATTER OF THE COMMISSION ON UNAUTHORIZED PRACTICE OF LAW

No. 90-432.
246 Mont. 1

## ORDER

On August 28, 1990, a joint petition of the Commission on Unauthorized Practice of Law and the State Bar of Montana was filed herein, seeking this Court's approval and adoption of revised rules of procedure for the Commission on Unauthorized Practice of Law.

IT IS ORDERED that the attached Rules of the Commission on Unauthorized Practice of Law are hereby adopted by this Court and shall be effective commencing January 1, 1991.

The Clerk is directed to mail a true copy of this order and attached rules to George N. McCabe, Esq., Chairman of the Commission on Unauthorized Practice of Law; to George Bousliman, Executive Director of the State of Montana; to West Publishing Company; and to the State Reporter.

DATED this 11th day of December, 1990.

s/ J.A. Turnage, Chief Justice
s/ John Conway Harrison, Justice
s/ John C. Sheehy, Justice
s/ Diane G. Barz, Justice
s/ William E. Hunt, Sr., Justice
s/ R.C. McDonough, Justice
s/ Fred J. Weber, Justice

# RULES OF THE COMMISSION ON UNAUTHORIZED PRACTICE OF LAW

## RULE ONE — PURPOSE; JURISDICTION; EFFECTIVE DATE.

(a) *Statement of purpose.* The public interest requires that in securing professional advice and assistance upon matters affecting one's legal rights, one should have assurance of the competence and integrity of his or her representative and should enjoy freedom of full disclosure under a recognized privilege of confidentiality. To protect this public interest it is deemed necessary to establish guidelines for

the investigation of complaints and the procedures to be followed to eliminate the unauthorized practice of law as provided by § 37-61-201 et seq., MCA.

(b) *Jurisdiction.* Pursuant to the provisions of Article VII, Section 2, of the Constitution of the State of Montana, the Montana Supreme Court has inherent jurisdiction to prohibit the unauthorized practice of law.

(c) *Meetings.* Meetings of the Commission shall be subject to § 2-3-201 et seq., MCA.

(d) *Effective Date.* These Rules shall become effective on January 1, 1991. Any formal proceeding then pending shall be concluded under the procedure existing prior to the effective date of these Rules.

## RULE TWO — *DEFINITIONS.*

As used in these Rules, the following terms have the following meanings, unless expressly otherwise provided, or as may result from necessary implications.

(a) *Complainant.* "Complainant" means the individual or entity alleging that a person or entity has engaged in the unauthorized practice of law.

(b) *Commission.* "Commission" means the Commission on Unauthorized Practice of Law appointed by the Supreme Court.

(c) *Court or Supreme Court.* "Court" or "Supreme Court" means the Supreme Court of the State of Montana.

(d) *Record.* "Record" means the formal parts of the record of proceedings involving the review of allegations of unauthorized practice of law, including the letter of complaint; the respondent's response to the complaint; all notices of hearings; all pleadings or motions; all exhibits marked and offered in evidence; the transcript of testimony; the findings and recommendations of the boards and committees; all orders imposing sanction.

(e) *Respondent.* "Respondent" means an individual alleged to have engaged in the unauthorized practice of law.

(f) *Rules or These Rules.* "Rules" or "These Rules" means Rules One through Eleven hereof.

(g) *State.* "State" means the State of Montana.

(h) *Unauthorized Practice of Law.* "Unauthorized Practice of Law" means the practice of law without being first duly qualified, as prohibited by statute, court rule, or case law of the State.

## RULE THREE — COMMISSION ON UNAUTHORIZED PRACTICE OF LAW.

(a) *Membership.* The Supreme Court shall appoint a nine (9) member commission to be known as the "Commission on Unauthorized Practice of Law" which shall be composed of:

(1) Five (5) practicing lawyers who shall be residents of the State and licensed and admitted to practice in the State.

(2) Four (4) non-lawyer members, who shall be residents of the State.

(3) Of the nine members referred to above, there shall be at least one member from each of the following areas:

Area A shall comprise the Fourth, Eleventh, Nineteenth and Twentieth Judicial Districts.

Area B shall comprise the Second, Third and Fifth Judicial Districts.

Area C shall comprise the Eighth and Ninth Judicial Districts.

Area D shall comprise the Twelfth, Fifteenth and Seventeenth Judicial Districts.

Area E shall comprise the First, Sixth and Eighteenth Judicial Districts.

Area F shall comprise the Tenth and Fourteenth Judicial Districts.

Area G shall comprise the Thirteenth Judicial District.

Area H shall comprise the Seventh and Sixteenth Judicial Districts.

(b) *Term.* Of the initial members of the Commission appointed by the Supreme Court:

(1) One lawyer member and one non-lawyer member shall be appointed for an initial term ending January 1, 1992.

(2) Two lawyer members and one non-lawyer member shall be appointed for an initial term ending January 1, 1993.

(3) Two lawyer members and two non-lawyer members shall be appointed for an initial term ending January 1, 1994.

Subsequent terms of all members shall be for three (3) years. Subsequent members shall be appointed by the Supreme Court. In the event of a vacancy in the Commission, a successor shall be appointed by the Supreme Court for the unexpired term of the member whose office is vacated. Members of the Commission may terminate their membership at their pleasure, and their membership may be terminated by the Court at its pleasure. No member shall serve more than two (2) consecutive terms.

(c) *Officers.* The Supreme Court shall appoint a Chairperson of the Commission to serve for a term of two (2) years. The Chairperson

shall appoint a Vice-Chairperson and a Secretary. The Chairperson, and in his or her absence the Vice-Chairperson, shall be responsible for calling and presiding over meetings of the Commission and for certifying to the Supreme Court all recommendations concerning matters which come before the Commission.

(d) *Quorum.* Five (5) members of the Commission shall constitute a quorum. All decisions of the Commission must be by majority vote of those present at a meeting at which a quorum is present.

(e) *Meetings.* Members of the Commission shall meet at times and places designated by the Chairperson or, in the absence of the Chairperson by the Vice-Chairperson, who shall determine the agenda for meetings. Notice of any such meeting shall be given by mail or by telephone not less than seven (7) days in advance of the time for such meeting, except in cases of emergency or urgency requiring, in the judgment of the person calling the meeting, a shorter time of notice. Also, the Supreme Court may call a meeting of the members to be held at a time and place ordered by the Court. Notice of any such meeting shall be given as above provided. The minutes of any meeting of the Commission, which shall be prepared by the Secretary, shall state the form and time of notice of meeting given to the members. Meetings of the Commission may be held by conference telephone or similar communications equipment.

(f) *Duties and Powers.* The Commission shall have the following powers and duties:

(1) To receive complaints of unauthorized practice of law;

(2) To refer complaints to area committees for investigation;

(3) To supervise and be responsible for the area committees;

(4) To review area committee reports containing the investigative findings relative to complaints of unauthorized practice of law;

(5) To make and submit findings and recommendations, together with the record of the proceedings before it, to the Supreme Court;

(6) To adopt additional rules of procedure subject to approval of the Supreme Court;

(7) To issue cease and desist letters seeking voluntary compliance with unauthorized practice of law statutes, rules and case law;

(8) To take action as authorized by Rule Six(b).

(g) *Conflicts.* Members of the Commission shall refrain from taking part in any proceedings in which a judge, similarly situated, would be required to abstain. If, in any given case, the number of Commission members who may properly render a decision falls below a quorum, the Supreme Court may appoint, for that case only, the

number of *ad hoc* members necessary to restore the Commission to full membership. Each *ad hoc* member shall fulfill all the responsibilities of the member whom he or she replaces.

## RULE FOUR — *AREA COMMITTEES.*

(a) *Appointment.* The Commission may, from time to time, appoint area committees for all or any of the areas listed in Rule Three(a)(3) above. An area committee shall consist of two lawyer and one non-lawyer members, all of whom shall be residents in the area. Any procedural rules deemed necessary by the Commission for area committee operations shall be established by the Commission from time to time. Area committees shall have the powers and duties hereinafter set forth.

(b) *Term of Office.* The members of area committees shall serve at the pleasure of the Commission, and members of area committees may resign at their pleasure.

(c) *Quorum.* A majority of the members shall constitute a quorum of an area committee. The committee shall act only with the concurrence of a majority of the members present at a meeting at which a quorum is present. The area committee may elect a chairperson from among its members.

(d) *Powers and Duties.* Area committees are investigatory bodies and shall investigate matters that are assigned to them by the Commission. Each area committee shall have the following powers and duties:

(1) To take and have transcribed the testimony and evidence of witnesses who may be sworn by any person authorized by law to administer oaths;

(2) To make prompt written report of its investigations and findings to the Commission on Unauthorized Practice of Law;

(3) To submit to the Commission its report, together with the record of any proceedings before it.

(e) *Compensation and Expenses.* Members of an area committee on unauthorized practice of law shall receive no compensation for their services but may be reimbursed for their travel and other expenses incidental to the performance of their duties under these Rules.

## RULE FIVE — *INVESTIGATORS AND SPECIAL COUNSEL.*

(a) *Investigators.* The Commission may appoint investigators, either lawyers or non-lawyers, to investigate complaints and report to the Commission.

(b) *Special Counsel.* If, as hereinafter provided, the Commission determines that a formal complaint should be filed to stop or prevent

the unauthorized practice of law, the Commission may appoint special counsel for the purpose of preparing and filing such a complaint and conducting the prosecution thereof. Special counsel shall be lawyers who are residents of the State of Montana and who are duly licensed and admitted to practice in the State of Montana.

## RULE SIX — *INVESTIGATION AND PRELIMINARY PROCEEDINGS.*

(a) *Screening Complaints.* All complaints alleging the unauthorized practice of law shall be referred to the Commission. Upon preliminary consideration by the Commission, if it appears to the Commission that the facts do not indicate the unauthorized practice of law, the Commission may dismiss the matter and so notify the complainant. If the matter is not dismissed by the Commission after preliminary consideration, the Commission may refer the matter for investigation either to an area committee or to an investigator. Also, the Commission may cause an investigation to be instituted if it becomes aware, by any means, of information of possible unauthorized practice of law. Unless the Commission directs otherwise, the respondent shall be notified by the Commission that the matter has been referred to an area committee or investigator and the respondent shall be afforded an opportunity to be heard by the area committee or by the investigator. Within thirty (30) days after completion of investigations, area committees or investigators shall submit to the Commission a written report. Area committees and investigators may, but are not required to, submit with their reports recommendations that formal complaints be filed against respondents or that charges be dismissed. The Commission is not bound by such recommendations.

(b) *Action by Commission.* Upon receipt of the area committee's findings and recommendations, the Commission shall review the matter on the record before it to determine if there is probable cause to believe the respondent has engaged, or is about to engage, in the unauthorized practice of law. Within sixty (60) days following receipt of the report, the Commission may:

(1) Adopt, modify or reject the findings and recommendations;

(2) Remand the matter to the area committee for further investigation;

(3) Issue a cease and desist letter and/or seek seek assurance of voluntary compliance from the respondent;

(4) Approve the filing of a civil injunctive proceeding as provided in Rule Eight(a);

(5) Approve the filing of a civil contempt proceeding as provided in Rule Eight(b);

(6) Recommend the filing of a criminal contempt proceeding as provided in Rule Eight(c).

## RULE SEVEN — *VOLUNTARY COMPLIANCE.*

(a) The Commission may accept an assurance of voluntary compliance that respondent will not continue the unauthorized practice of law. An assurance of voluntary compliance shall be in writing and shall be filed in the official records of the Commission.

(b) A violation of such assurance of voluntary compliance shall establish a presumption that the person subject thereto knows, or in the exercise of due care should know, that he or she has violated the law prohibiting the unauthorized practice of law.

## RULE EIGHT — FORMAL PROCEEDINGS.

Formal proceedings shall be initiated and processed under the following procedures:

(a) *Civil Injunctive Proceedings.*

(1) Complaints shall be by written petition filed by the Commission in its name with the district court in the district in which the respondent resides or maintains his or her principal place of business.

(2) Each such petition shall be processed in the district court in accordance with the Montana Rules of Civil Procedure and the laws of the State of Montana.

(b) *Civil Contempt Proceedings.*

(1) A civil contempt proceeding for unauthorized practice of law, as provided by § 37-61-210, MCA, shall be prosecuted in the manner provided by § 3-1-501 et seq., MCA.

(2) The procedure and punishment for a civil contempt shall be provided by § 3-1-501 et seq., MCA.

(3) Nothing set forth herein shall be construed to prohibit or limit the right of the district court to issue a permanent injunction in lieu of or in addition to any punishment imposed for a civil contempt.

(c) *Criminal Contempt Proceedings.*

(1) If a respondent violates a court-ordered injunction, the Commission may request the county attorney in the county where the alleged violation occurred to prosecute the respondent for criminal contempt, pursuant to § 45-7-309, MCA.

(2) Once the Commission has recommended prosecution to the county attorney, the Commission shall take no further action unless it deems the county attorney's actions unacceptable. In that event, the Commission may contact the attorney general and request that the attorney general pursue the alleged violation.

## RULE NINE — *OATHS, SUBPOENA POWER AND DISCOVERY.*

(a) *Oaths.* Any member of the Commission and any member of an area committee may administer oaths and affirmations in matters pending before the Commission or an area committee.

(b) *Subpoenas.* The Chairperson or Vice-Chairperson of the Commission may, at the request of an area committee investigator, special counsel, or respondent, compel, by subpoena, the attendance of witnesses and the production of pertinent books, papers, and documents.

Any person subpoenaed to appear and give testimony, or to produce pertinent books, papers or documents, who fails or refuses to appear or to produce such books, papers, or documents, or any person having been sworn to testify, who refuses to answer any proper questions, may upon request of the Commission be cited for contempt of the Supreme Court, which proceeding may be brought by the Commission in any district court in the State, the Supreme Court hereby granting the jurisdiction to hear such contempt proceedings to the district courts. Proceedings before a district court shall be had as in cases of other contempts. A district court may, upon proper application, enforce the attendance of any witness and the production of any documents subpoenaed.

(c) *Quashing Subpoena.* Any attack on the validity of a subpoena so issued shall be heard and determined by the Chairperson of the Com-

mission, subject to review by any district court of the State, the Supreme Court hereby granting to the district courts the jurisdiction to hear such proceedings.

(d) *Discovery.* Special counsel and respondent shall be afforded reciprocal discovery. Disputes concerning the scope and other aspects of discovery shall be determined by the Chairperson of the Commission.

## RULE TEN — *IMMUNITY.*

(a) Complaints, testimony and other presentation or arguments submitted to the Commission on Unauthorized Practice of Law, an area committee, any member of the Commission or of any such committee, and any Commission investigator or special counsel, all proceedings and conduct maintained or engaged in, and all testimony and showings with respect to any of said matters shall be absolutely privileged, and no civil litigation predicated thereon may be instituted or maintained.

(b) Members of the Commission on Unauthorized Practice, members of the area committees, investigators, special counsel, and members of their respective staffs shall be immune from civil suit and damages for any conduct or occurrence in the course of or arising out of performance of any official duties in connection with these Rules.

## RULE ELEVEN — *COMPENSATION AND EXPENSES.*

(a) *Commission and Area Committee Members.* The members of the Commission and members of an area committee shall receive no compensation for their services, but may be reimbursed for their travel and other expenses reasonably incurred by them in the performance of their duties under these Rules, if authorized pursuant to any budget for the Commission approved by the Supreme Court.

(b) *Investigators and Special Counsel.* Investigators and special counsel shall be compensated in such amounts, and shall be entitled to reimbursement for travel and other expenses reasonably incurred by them in the performance of their duties under these Rules, as the Supreme Court may authorize from time to time.

(c) *Witness Fees.* Witness fees and mileage for witnesses in Commission or area committee proceedings shall be the same as provided by law for witnesses in civil actions in the district courts of the State of Montana.